UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAINER ENDERS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br><br>Defendant. | Case No: C 09-3213 SBA<br><br>**ORDER** |

Before the Court is Defendant Countrywide Home Loans, Inc.'s ("Countrywide") unopposed Motion to Dismiss. (Docket No. 4.) Plaintiff Rainer Enders ("Plaintiff") did not file an opposition brief or a statement of non-opposition, as required by Local Rule 7-3 and this Court's Standing Orders.

**I.    BACKGROUND**

   A.    Factual Background

On June 30, 2006, Plaintiff obtained a mortgage in the amount of $764,000 from Countrywide Bank, N.A. for the purchase of a property located at 686 Barn Owl Court, Walnut Creek, CA 94598.  In connection with that loan, Plaintiff executed a promissory note secured by a Deed of Trust on her property. (Request for Judicial Notice, Ex. A at 3 [Deed of Trust].) Subsequently, Plaintiff defaulted on the loan and the trustee, Reconstrust Company, recorded a "notice of default and election to sell under deed of trust" on August 21, 2008. (RJD, Ex. B.) Countrywide Home Loans, Inc. - the defendant in this action - services the loan.

B.  Procedural Background

On May 27, 2009, Plaintiff filed a suit in state court alleging, *inter alia*, that Countrywide had misused the authoritative and favorable impression it had created for itself as a "mortgage loan expert," via "current advertisements and broker testimonials," to convince her to enter into an adverse loan. (Compl. ¶ 1.) Plaintiff alleged, *inter alia,* that Countrywide purposely misrepresented the terms of the loans by making them overly complicated and that Countrywide misrepresented the loan as a "common trusted financial product that is a true and tried nothing-to-worry-about loan." (Compl. ¶ 3.) Furthermore, she alleged that, when she became aware of problems with the loan she attempted to notify Countrywide in an effort to modify the terms of the loan, but Countrywide did not respond to her requests. (Compl. ¶ 5.)

In her suit, Plaintiff brought five causes of action against Countrywide alleging violations of California's Unfair Competition Law, §§ 17500 & 17200 of the Business and Professions Code; the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*; California Civil Code § 2923.6; and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.

On July 14, 2009, Countrywide removed the action to this Court on the ground that certain of Plaintiff's claims arise under federal law. 28 U.S.C. § 1331. (Docket No. 1.) On July 21, 2009, Countrywide filed the instant motion to dismiss. (Docket No. 4.) As noted, Plaintiff did not file an opposition or statement of non-opposition as required by this Court's Standing Orders.

II.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks

omitted); Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008). However, a complaint that only raises "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The plaintiff must establish that the allegations are pushed "across the line from conceivable to plausible[.]" Id. (quoting Twombly, 550 U.S. at 557).

"In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

### A. PLAINTIFF'S FAILURE TO OPPOSE THE MOTION IS GROUNDS FOR DISMISSAL

Plaintiff did not file any opposition to the motion or statement of non-opposition as required under Local Rule 7-3.  The Court's Standing Order specifically warns that failure to file an opposition to a motion shall constitute a consent to the granting of the motion.

The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  In Ghazali, the court noted that in exercising its discretion to dismiss the action, the district court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).

      The first and second factors both favor dismissal.  A litigant's failure to comport with the Court's filing schedules undermines the Court's ability to move the case forward by setting a case management schedule or a trial date.  Such non-compliance inherently delays resolution of the case and inures to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket). The first two Ghazali factors strongly support dismissal.

      The third factor, the risk of prejudice to the defendant, is related to the strength of the plaintiff's excuse for the default.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has offered no "excuse" for her conduct.  Plaintiff failed to file an opposition and has not contacted the Court regarding her failure to do so.  This Ghazali factor also weighs in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

      The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

      Finally, the fifth factor requires the Court to consider less drastic alternatives to dismissal. In Ghazali the Ninth Circuit  stated that a "district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ghazali (affirming grant of unopposed motion to dismiss where the plaintiff was warned that failure to respond to the motion would be deemed to be a "consent" to the granting of the same); Ferdik, 963 F.2d at 1262.  As noted, the Court's standing orders specifically warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the motion.

In this case, Plaintiff has failed to follow both a local rule, applicable to all litigants in the Northern District of California, as well as this Court's standing order. Therefore, weighing all the factors discussed in Ghazali, the Court GRANTS Countrywide's motion to dismiss for Plaintiff's failure to oppose.

**B.     EACH OF PLAINTIFF'S FIVE CAUSES OF ACTION FAIL TO STATE A CLAIM**

The Court notes that even if it were to reach the merits of Plaintiff's causes of action, they would still be dismissed for failure to state a claim.

**1.     *Plaintiff's First Cause of Action Arising Under California's Unfair Competition Law § 17500 Fails to Comply with FRCP 9(b)***

Section 17500 makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc., 421 F.3d 981, 985 (9th Cir. 2005).

Plaintiff's first cause of action under § 17500 alleges that Countrywide made and disseminated "untrue and misleading statements." (Compl. ¶ 9.) In particular, Plaintiff alleges that Countrywide falsely held itself out as a "mortgage loan expert that could be trusted to help borrowers obtain mortgage loans that were appropriate to their financial circumstances" and that Countrywide purposely misrepresented the various terms and payment obligations in the loan. (Compl. ¶¶ 1, 10.) Because Plaintiff's allegations sound in fraud, they are subject to the heightened pleading standards of FRCP 9(b). In a similar foreclosure case previously adjudicated by this Court, in which a § 17500 claim was made for "failing to disclose the true terms of the loan," the Court found that the § 17500 claim was subject to Rule 9(b) and dismissed the claim for failing to meet the particularity requirement. Tayag v. National City Bank, 2009 WL 943897*2 (N.D. Cal., 2009).

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In order to comply with the requirements of Rule 9(b), the circumstances constituting the alleged fraud "must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.' " Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir.1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003). The plaintiff "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Id. (quoting Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir.1994)).

Here, Plaintiff alleges Countrywide made "untrue and misleading statements" that induced her into entering the loan without explaining the terms of the loan. (Compl. ¶¶ 1, 10.) However, although she provides basic information about the loan (like the total loan amount, the interest rates), and gives general notice about what she is alleging is untrue and misleading, she fails to identify any specific misrepresentations. (Compl. ¶10.) Additionally, like the plaintiff in Tayag, Plaintiff fails to "identify the time and place of the misrepresentations, and, most importantly, the identity of the individual who made the misrepresentation." Tayag, 2009 WL 943897*2.

Accordingly, Plaintiff's first cause of action is also DISMISSED for failure to comply with FRCP 9(b).

**2.     *Plaintiff's Second Cause of Action Arising Under California's Unfair Competition Law also Fails for Failure to Comply with FRCP 9(b)***

Section 17200 prohibits any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof.Code § 17200. A practice can violate this section even if it is merely unfair and not

- 6 -

unlawful. Gregory v. Albertson's, Inc., 104 Cal.App.4th 845, 850 (2002). Section 17200 "borrows" violations from other laws by making them independently actionable as unfair competitive practices. Korea Supply v. Lockheed Martin, Corp., 29 Cal.4th 1134, 1143 (2003).

In this case, Plaintiff realleges and incorporates the previous paragraphs in her complaint and makes the alleged violation of § 17500 the basis of her § 17200 claim. As discussed above, because the § 17500 claim fails to meet the FRCP 9(b) pleading standard, Plaintiff's second cause of action is also DISMISSED for failure to comply with FRCP 9(b).

### 3. *Plaintiff's Third Cause of Action Arising Under the Fair Debt Collection Practices Act (FDCPA)*

Defendant moves to dismiss Plaintiff's third cause of action, asserting it is not subject to the FDCPA. To be liable for a violation of the FDCPA, the defendant must - as a threshold requirement - be a "debt collector" within the meaning of the Act. Putkkuri v. Recontrust Co., 2009 WL 32567*2 (S.D.Cal. Jan. 5, 2009). A "debt collector" as defined by the FDCPA "specifically excludes creditors and mortgage servicers. 15 U.S.C. § 1692a(6)(F)." Pineda v. Saxon Mortg. Servs., 2008 WL 5187813 at *3 (C.D. Cal. Dec.10, 2008). "In Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985), the Fifth Circuit noted that the 'legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a *mortgage servicing company*, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.' " Pineda, 2008 WL 5187813 at *3 (emphasis added). Plaintiff concedes that Countrywide is a "loan servicer" (Compl. at 1:36-37) and does not assert that the debt was assigned.

Additionally, in various other foreclosure related actions, Countrywide has been found not to be liable under the FDCPA. See Ines v. Countrywide Home Loans, Inc., 2008 WL 2795875, at *3 (S.D. Cal. Jul.18, 2008) ("[L]enders and mortgage companies are not "debt collectors" within

the meaning of the FDCPA"); Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906 at *7 (S.D. Cal. Oct.30, 2008) ("Countrywide is not a 'debt collector' as defined under the FDCPA.").

Accordingly, because the FDCPA does not apply to Countrywide, Plaintiff 's third cause of action is DISMISSED.

### 4. *Plaintiff's Fourth Cause of Action Arising Under California Civil Code § 2923.6*

*California Civil Code* § 2923.6 provides:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreement is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

   (1) The loan is in payment default, or payment default is reasonably foreseeable.

   (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its contractual or other authority.

Plaintiff alleges that Countrywide violated section 2923.6 by failing to "modify the loan" and that the defendant has ignored all attempts at modification. (Compl. ¶¶ 8, 13.) Defendant moves to dismiss this claim on the basis that section 2923.6 does not provide a private right of action and the Court agrees. See, e.g., Biggins v. Wells Fargo & Co. 2009 WL 2246199*10 (N.D.Cal.,2009) (dismissing a section 2923.6 claim for being a "stand-alone claim for relief" and informing parties that it could be brought under a §17200 claim); Farner v. Countrywide Home Loans, 2009 WL 189025*2 (S.D.Cal.,2009) ("nothing in Cal. Civ.Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers."); Paek v. Plaza Home Mortg., Inc., 2009 WL 1668576*3 (C.D.Cal.,2009) (citing Farner and dismissing plaintiff's claim stating that Cal. Civ.Code § 2923.6 does not create a private right of action for borrowers.).

Because section 2923.6 does not provide a private right of action, Defendant's motion to dismiss this cause of action is GRANTED.

### 5. *Plaintiff's Fifth Cause of Action Arising Under the Truth in Lending Act (TILA)*

TILA was enacted to assure "a meaningful disclosure of credit terms so that consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). TILA gives a borrower the right to rescind any credit transaction in which a security interest is created in the borrower's home. 15 U.S.C. § 1635. TILA also gives a borrower a right to civil damages. 15 U.S.C. § 1640. A claim for rescission must be brought within three years "after the date of consummation of the transaction or upon sale of the property, whichever occurs first," while a claim for damages must be brought within one year "from the date of the occurrence of the violation." 15 U.S.C. §§ 1635(f), 1640(e).

Plaintiff's claim for an alleged violation of TILA fails on several grounds. First, Plaintiff, in her prayer for relief, requests neither rescission of the loan nor damages. Rather, she asks for a declaratory judgment as to the first four causes of action, return of loan payments, production of the original note, adjustment of the loan principle, modification of loan terms, her costs of suit, and a generic request for relief from the Court. Consequently, she is not asking for relief cognizable under TILA.

Second, even if Plaintiff amended her complaint for damages, her claims would be time-barred under TILA. In cases involving loan documents, the statute typically begins to run when the documents are signed, unless evidence is presented to override this assumption. Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir.2003). In this case the alleged violation occurred when the agreement was executed on June 30, 2006. This suit, however, was filed June 8, 2009, well past the one-year time period during which Plaintiff was required to submit her claim for damages.

Although the doctrine of equitable tolling has been held to apply to TILA, King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiff has not alleged any facts that would justify tolling in this case. In many similar foreclosure cases where plaintiffs were not prevented from comparing their loan documents and disclosures with TILA statutory and regulatory requirements, equitable tolling has been held not to apply. See Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir.1996); see, also, Guerrero v. Citi Residential Lending, Inc., No. CV F 08-1878, 2009 WL 926973 (E.D. Cal. April 3, 2009) (holding that equitable tolling not applicable where plaintiff was not prevented from comparing their loan documents and disclosures with TILA statutory and regulatory requirements).

Accordingly, the Court DISMISSES Plaintiff's fifth cause of action.

## IV.  CONCLUSION

For the reasons given above, Defendant's Motion to Dismiss is GRANTED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated:11/10/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ENDERS et al,

       Plaintiff,

 v.

COUNTRYWIDE HOME LOANS INC. et al,

       Defendant.
                                       /

Case Number: CV09-03213 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rainer Enders
686 Barn Owl Ct
Walnut Creek, CA 94598

Dated: November 16, 2009
                                          Richard W. Wieking, Clerk

                                                   By: LISA R CLARK, Deputy Clerk